UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE and ANNE ZAROLES,

                        Plaintiffs,

vs.                                                    04 CV 0770 A (F)

MURRAY, INC.,
THE SCOTTS COMPANY,

                        Defendants.

**NOTICE OF MOTION TO SUBSTITUTE PLAINTIFFS WITH REAL PARTY IN INTEREST PURSUANT TO RULE 17(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

PLEASE TAKE NOTICE that upon the Affirmation of Brian A. MacDonald, Esq. in Support of Murray, Inc. and the Scotts Company's Motion to Substitute Plaintiffs with Real Party in Interest Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, defendants Murray, Inc. and the Scotts Company will move this Court, on such date and at such time as the Court shall direct, at 304 U.S. Courthouse, 68 Court Street, Buffalo, New York, for an Order that Travelers Insurance Company be substituted for George and Anne Zarolis as the named plaintiff in this action pursuant to Rule 17(a) of the Federal Rules of Civil Procedure on grounds that Travelers Insurance Company is the real party in interest, or in the alternative, dismissing the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a claim upon which relief may be granted against defendants Murray, Inc. and the Scotts Company, and for such other, further and different relief as to the court shall deem just, proper and equitable.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 56.1(e), responding papers shall be served within 30 days of service of this Notice.

DATED: AUGUST 8, 2006
      BUFFALO, NEW YORK

                        Respectfully submitted,

                        KENNEY SHELTON LIPTAK NOWAK LLP

                        By: _____
                              Brian A. MacDonald, Esq.

                        510 Rand Building
                        14 Lafayette Square
                        Buffalo, New York 14203
                        Tel.: (716) 853-3801
                        Fax: (716) 853-0265

                        *Attorneys for Defendants*
                        *Murray, Inc., and*
                        *The Scotts Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE and ANNE ZAROLES,

                             Plaintiffs,

vs.

MURRAY, INC.,
THE SCOTTS COMPANY,

                             Defendants.

AFFIRMATION IN SUPPORT OF MURRAY, INC. AND THE SCOTTS COMPANY'S MOTION TO SUBSTITUTE PLAINTIFFS WITH REAL PARTY IN INTEREST PURSUANT TO RULE 17(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

04 CV 0770 A (F)

STATE OF NEW YORK    )
COUNTY OF ERIE        )   ss:

Brian A. MacDonald, Esq., an attorney licensed in the State of New York and admitted to practice in the United States District Court, Western District of New York, affirms:

1.    I am an attorney at law licensed to practice in the State of New York. I am a partner in the law firm of Kenney Shelton Liptak Nowak LLP, counsel for defendants Murray, Inc. ("Murray") and the Scotts Company ("Scotts"). I am familiar with the facts and proceedings in this case.

2.    I make this affirmation in support of Murray's and Scotts' Motion to Substitute Plaintiffs with Real Party in Interest Pursuant to Rule 17(a) of the Federal Rules of Civil Procedure.

3.    This lawsuit alleges negligence and products liability claims against defendants Murray and Scotts arising from a fire loss that occurred at the home of George and Anne Zaroles on August 15, 2001. The Complaint claims that a lawnmower branded by Scotts and manufactured by Murray ignited and caused damage to the Zaroles' home and property.

4.    Upon information and belief, Travelers Insurance Company issued a homeowner's

insurance policy to George and Anne Zaroles in effect at all times relevant to this matter.

5.      Upon information and belief, Travelers Insurance Company ("Travelers") paid in full any and all damages suffered by George and Anne Zaroles as a result of the fire loss alleged in the Complaint.

6.      Upon information and belief, George Zaroles died in 2000 and Anne Zaroles died in 2001.

7.      George and Anne Zaroles cannot allege a claim for damages for which Travelers has already fully compensated them.

8.      Travelers is the only remaining real party-in-interest and, as such, must be substituted as the named plaintiff in the title of this action. *Brocklesby Transport, Div. of Kingsway Transports, Ltd. v. Eastern States Escort Services*, 904 F.2d 131, 133 (2d Cir. 1990).

9.      Under federal law, Travelers, as the real party in interest, must sue this action in its own name. The Federal Rules of Civil Procedure provide:

> ***Every action shall be prosecuted in the name of the real party in interest***. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought . . .

FRCP 17(a) (emphasis added).

In *Church Insurance Company v. Trippe Manufacturing Company*, the United States District Court, Southern District of New York applied Rule 17(a) in the context of an action brought by an insurer as subrogee of its insured. 2005 U.S. Dist. LEXIS 333363. A cathedral's fire insurer, Church Insurance, compensated its insured's fire loss claim and subsequently brought negligence and breach of warranty claims in the insured's name against the manufacturer of a surge protector. *Id.* at *3. Plaintiff's complaint originally asserted claims for uninsured

losses, but the cathedral settled these claims before trial. *Id.* On defendant's motion, the court substituted the insurer for the cathedral as the named plaintiff in the action. *Id.* Plaintiff challenged the decision on grounds that the insurer was entitled to bring the action in the name of the cathedral and because the insurer was unduly prejudiced as a result of the amendment. *Id.* at *4. The court held that "if an insurer has compensated an insured for an entire loss, the insurer is the only real party in interest" and that after the cathedral settled the uninsured claims, it "had no further interest in the action." *Id.* at *5. The Court dismissed the insurer's argument that amending the title was unduly prejudicial, advising that "in today's world the danger of prejudice of this kind has eroded, that is, just about everyone and everything is insured and insurance no longer carries the same negative connotation it once did. Consequently, the mention of insurance does not signal the kind of prejudice it once signaled." *Id.* at *10.

10.  Like the insured cathedral in *Church Insurance* was no longer interested in the action once it was fully compensated for its claimed losses, George and Anne Zaroles are no longer interested parties because Travelers fully compensated them for the fire loss alleged in the complaint.

11.  Accordingly, Travelers Insurance Company, as the only real party in interest, must be substituted for George and Anne Zaroles in the title of this action.

    WHEREFORE, Defendants respectfully request an order

    1.    Substituting Travelers Insurance Company for George and Anne Zarolis as the named plaintiff in the title of this action pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, or

    2.    Dismissing the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a claim upon which relief may be granted against defendants Murray and Scotts, and

3. Granting such other, further and different relief as to the court shall deem just, proper and equitable.

DATED: AUGUST 8, 2006
      BUFFALO, NEW YORK

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

By: _____
    Brian A. MacDonald, Esq.

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265

*Attorneys for Defendants*
*Murray, Inc., and*
*The Scotts Company*