UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AUTOMOBILE INSURANCE COMPANY OF
HARTFORD CONNECTICUT, a wholly owned
subsidiary of The St. Paul Travelers Companies, Inc.,

                              Plaintiff,

    v.                                                     Civil No.: 04-CV-0770 A(F)

MURRAY, INC.,
THE SCOTTS COMPANY,

                              Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW

**HODGSON RUSS LLP**
*Attorneys for Plaintiff*
Hugh M. Russ, III
Stephen W. Kelkenberg
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

**PRELIMINARY STATEMENT**

Defendant's procedurally deficient and substantively baseless objections should not lead this Court to disturb the well-reasoned and thorough Report and Recommendation of Magistrate Judge Foschio. Now finally filed properly, defendant's feeble pleading constitutes another in a continuing series of attempts by defendant to delay the ultimate resolution of this action. This Court should not allow this conduct to continue. Instead, this Court should readily reject the objections and, appropriately, confirm Magistrate Judge Foschio's Report and Recommendation.

**ARGUMENT**

**POINT I.**

**THE OBJECTIONS ARE PROCEDURALLY DEFICIENT.**

Federal Rule of Civil Procedure 72(b) provides, in pertinent part, "a party may serve and file specific, written objections to the proposed findings and recommendations" of a magistrate's recommended disposition. See, Fed. R. Civ. P. 72(b). Amplifying that rule, Local Civil Rule 72.3(a)(3) of the Western District of New York requires that written objections to a magistrate's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made, and the basis for such objection, and shall be supported by legal authority." See Local Rule 72.3(a)(3). When a party fails to satisfy these requirements, its objections are not preserved for review.

In Mario v. P&C Food Markets, Inc., 313 F. 3d 758 (2d Cir. 2002), the Second Circuit evaluated the procedural requirements to be satisfied in filing appropriate objections. Finding the party's objections to be procedurally deficient, the Second Circuit wrote:

> Although [plaintiff] filed objections to the magistrate's report and recommendation, the statement with respect to his . . . claim was not specific enough to preserve this claim for review. The only reference made to the . . . claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the . . . claim "for the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment." This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the . . . claim. Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3).

Mario, supra, 313 F. 3d at 766. In this case, as in Mario, defendant has filed a bare statement, which is devoid of reference to specific findings, which cites no legal authority, and which references only previously filed papers. Because defendant's objections in the instant case provide no further substance than the challenged objections in Mario, and because they are woefully deficient, this Court should reject the objections.

## POINT II.

### THIS COURT SHOULD CONFIRM MAGISTRATE JUDGE FOSCHIO'S REPORT AND RECOMMENDATION.

In considering defendant's summary judgment motion, Magistrate Judge Foschio required the parties to submit two different sets of briefs. Magistrate Judge Foschio also required the parties to attend two separate sessions of oral argument. As evidenced by his 60-plus page decision, Magistrate Judge Foschio carefully evaluated the factual background underlying the action and thoughtfully analyzed the complex legal authorities applicable. Magistrate Judge Foschio made specific findings supported by meticulous record citations. Frankly, it would be difficult to imagine a more complete treatment of the motion. The very nature of the motion required Magistrate Judge Foschio to assess the complex interplay between product liability and

trademark law.  Rather than being hastily attacked for his efforts, Magistrate Judge Foschio should be commended.

This Court should confirm Magistrate Judge Foschio's Report and Recommendation in its entirety.

Dated:      Buffalo, New York
            July 8, 2008

                                              **HODGSON RUSS LLP**
*Attorneys for [ClientName]*

By:     s/Hugh M. Russ, III
Hugh M. Russ, III
Stephen W. Kelkenberg
The Guaranty Building
140 Pearl Street - Suite 100
Buffalo, New York   14202
(716) 856-4000

002987/00151 BFLODOCS 2345337v1

3