UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUTOMOBILE INSURANCE COMPANY
OF HARTFORD CONNECTICUT, a wholly
owned subsidiary of the St. Paul Travelers
Companies, Inc.,

          Plaintiff,

  v.              ORDER
                 04-CV-770

MURRAY, INC., and
THE SCOTTS COMPANY,
         Defendants.

---

  This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on October 25, 2004. On January 3, 2007, the defendant, The Scotts Company ("Scotts"), filed a motion for summary judgment. On June 24, 2008, Magistrate Judge Foschio filed a Report and Recommendation, recommending that Scotts' motion for summary judgment directed to plaintiff's First, Second, Third and Fifth Causes of Action be denied, and that Scotts' motion as directed to plaintiff's Fourth Cause of Action be granted.

  Scotts filed objections to the Report and Recommendation on June 30, 2008. Plaintiff filed a memorandum of law in response thereto, on July 8, 2008.

  Federal Rule of Civil Procedure 72(b) provides, in pertinent part, "a party may serve and file specific, written objections to the proposed findings and recommendations" of a magistrate's recommended disposition. See Fed. R. Civ.

P. 72(b). Amplifying that rule, Local Civil Rule 72.3(a)(3) of the Western District of New York requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made, and the basis for such objection, and shall be supported by legal authority." See Local Rule 72.3(a)(3). When a party fails to satisfy these requirements, its objections are not preserved for review.

In Mario v. P&C Food Markets, Inc., 313 F. 3d 758 (2d Cir. 2002), the Second Circuit evaluated the procedural requirements to be satisfied in filing appropriate objections. Finding a party's objections to be procedurally deficient, the Second Circuit wrote:

> Although [plaintiff] filed objections to the magistrate's report and recommendation, the statement with respect to his . . . claim was not specific enough to preserve this claim for review. The only reference made to the . . . claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the . . . claim "for the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment." This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the . . . claim. Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3).

Mario, 313 F. 3d at 766.

In this case, as in Mario, Scotts has filed as objections only a bare statement, which is devoid of reference to specific findings, which cites no legal authority, and which references only previously filed papers. Because Scotts'

objections are inadequate under either Federal Rule of Civil Procedure 72(b) or Local Rule 72(a)(3), the Court rejects them.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, the Court denies Scotts' motion for summary judgment directed to plaintiff's First, Second, Third and Fifth Causes of Action, and grants Scotts' motion for summary judgment as directed to plaintiff's Fourth Cause of Action.

Counsel for the parties shall appear on August 21, 2008, at 9:00 a.m., for a meeting to set a trial date.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: August 14, 2008